B104 (FORM 104) (08/07)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**   Nicole K. Andrade | **DEFENDANTS**   American Education Services |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Markham & Read<br>One Commercial Wharf West, Boston, MA 02110<br>617-523-6329 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtor brings this action seeking discharge of her student loans pursuant to 11 U.S.C. § 523(a)(8) because the loans would work an undue hardship on her and her dependent child.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
  Discharge of student loans

B104 (FORM 104) (08/07), Page 2

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>Nicole K. Andrade | BANKRUPTCY CASE NO.<br>12-17043 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Boston | NAME OF JUDGE<br>Feeney, Joan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF<br>N/A | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/John J.E. Markham II | | |
| DATE<br>December 5, 2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John J.E. Markham II | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| NICOLE K. ANDRADE, | ) | Case No. 12-17043-JNF |
| Debtor, | ) | |
| | ) | |
| NICOLE K. ANDRADE, | ) | |
| Plaintiff, | ) | Adv. Proceeding No. |
| | ) | |
| v. | ) | DEBTOR'S COMPLAINT |
| | ) | SEEKING DISCHARGE OF |
| AMERICAN EDUCATION SERVICES, | ) | STUDENT LOANS BY REASON |
| INC., | ) | OF UNDUE HARDSHIP |
| | ) | |
| Defendant-Creditor. | ) | |

Now comes the Debtor, Nicole K. Andrade, as plaintiff in this adversary proceeding and states the following:

INTRODUCTION

1. Nicole K. Andrade, an individual Chapter 7 debtor in a no-asset case, brings this adversary proceeding seeking discharge of her educational loan debts owed to the American Education Services, pursuant to 11 U.S.C. § 523(a)(8), because excepting such debts from discharge would impose on her an undue hardship.

JURISDICTION

2. This Court has jurisdiction under 28 USCA § 157(a) and 28 USCA §157(b)(2)(I) as a case referred by the District Court to the Bankruptcy Court Judges under Title 11 and is a core proceeding in that it arises under Title 11 and relates to the dischargeability of a particular debt.

1

## PARTIES

3. Plaintiff-Debtor, Nicole K. Andrade ("Ms. Andrade"), resides at 10 Becker Circle, Gloucester, Massachusetts 01930.

4. Defendant, American Education Services ("AES"), is a corporation which lists its address for the purposes of its student loan matters as 1200 North Seventh Street, Harrisburg, Pennsylvania 17012-1444. It is the current holder of the student loan obligations of Ms. Andrade referred to below.

## FACTS

5. Ms. Andrade is 38 years of age. She is a single parent; she resides with and supports her 2 year old son.

6. Ms. Andrade holds a bachelor's degree in biology from Hartwick College, obtained in 1996. Ms. Andrade later obtained a Doctorate of Chiropractic from New York Chiropractic College in 2000, which she completed in 3 ½ years by studying through each summer. To attend said Universities and to obtain said degrees, Ms. Andrade borrowed money (student educational loans) from defendants in substantial amounts. Ms. Andrade was able to repay approximately $50,000 of this debt before her health and financial hardships, described in detail below, prevented her from making any substantial payments. Although she has made some repayments in years past, she still owes a substantial amount to defendants.

7. Specifically, Ms. Andrade still owes in excess of $80,819.68 in student loan debt to the Defendant AES.

9. Excepting said indebtedness to defendants would be an undue hardship, because, among other circumstances:

2

(i) Ms. Andrade is a single mother of a two year old child, who resides with her, and she is financially responsible for his care and costs excepting health insurance for the child obtained through his father, and some costs for food for the child (approximately $100 a week). Her child care costs are substantial, both in terms of food, clothing and other out-of-pocket expenses, but also in terms of the childcare costs she must incur because her child resides with her and she has to work to support him.  She lives frugally, buying only second-hand clothing for her and her child and currently hosts an international student who lives rent free in exchange for occasional childcare.  Nonetheless provable childcare costs range from $1,800 to $2,000 a month.  These costs will only rise as her child enters school.

(ii) Her previous husband took her truck to southern California and left her with a pile of debt, including a mortgage, a credit card bill over $13,000, truck payments and all household bills.  He has not paid any part of these bills at any later date in time.  The house was funded principally by Ms. Andrade's retirement plan, with some contribution from her parents.  The house, truck and bills were in her name, and so Ms. Andrade was forced to make payments even upon the flight of her ex-husband. Ms. Andrade at one point was so financially destitute that she sold her wedding ring to make these payments. She is presently in bankruptcy and her case has been determined a "no asset" case because she has no assets.

(iii) She has a subsistence existence made more difficult by her now-failing business, Atlantic Family Chiropractic, P.C., which is in the midst of declaring bankruptcy itself.  Ms. Andrade began this business in 2000 and incorporated in 2004.  She ran this business at a modest profit until 2008, when a combination of the economic downturn, the growing refusal of health insurers to reimburse clients for her chiropractic services, the costly need for childcare, and her physical and mental ailments all contributed to bringing her business into the ground.  Ms.

Andrade attempted to downsize her business to keep it financially viable by working out of her home, but was prevented from doing so by her neighbors who did not want a business operating from a house in their neighborhood. She took a Small Business Administration Loan to expand and diversify, but this did not work given the adverse factors described above. In March of this year, 2012, she downsized again and began laying off employees. Regardless of these measures, Ms. Andrade is unable to sustain her business because her revenues will no longer cover her costs and support her with any substantial income.

(iv) Moreover, because she is a single mother, she cannot and will not be able for the foreseeable future to work full time – she used to work 50-60 hours a week – because she has to care for her young child. Even when he is old enough to go into school, she will need to be out of work by 2:30 p.m. or hire someone to pick up her son. Her childcare costs would negate any extra earnings made in the longer hours such childcare would allow.

(v) She also has serious medical issues which further prevent her from working in various fields and occupations. As a result of a car accident that occurred just over ten years ago, Ms. Andrade suffers from a torn labrum in her right shoulder and a bulging disk in her lower back. Ms. Andrade suffers from chronic pain as a result of this accident. This negatively impacts the amount of hours she can spend performing chiropractics and precludes her from working in various other fields of endeavor, such as any manual labor or even waitressing.

(vi) Ms. Andrade suffers from several work-related conditions which further prevent her from working as many hours as she previously had. She has intermittent tendonitis in her wrist and inflammation of the proximal interphalangeal joints due to the constant strain on these joints from her work. Although these injuries are common in much older chiropractors who have been practicing for substantially more years than Ms. Andrade, it is incredibly rare for a woman of

4

Ms. Andrade's age to already suffer from these conditions. These conditions make it extremely difficult to work, as they are both the result of and aggravated by the work she performs. These conditions further prevent her from pursuing other forms of employment involving manual labor.

(vii) She is unable to obtain chiropractic disability insurance to cover these conditions as a result of the car accident.

(viii) Ms. Andrade has been diagnosed with Epstein-Barr virus and as a result has chronic fatigue syndrome, preventing her from performing everyday activities and often making it difficult to work.

(ix) She has developed several stress-related mental health problems as a result of her financial difficulties. Ms. Andrade is depressed, and paired with her chronic fatigue syndrome, she is often unable to do basic, everyday things as a result. She suffers from almost-daily panic attacks (at least 3-4 times a week) that began as her economic hardships worsened.

(x) Previously, she received sporadic financial support from her parents, who reside nearby. This assistance is no longer available because her father suffers from atypical angina. Her mother was recently hospitalized due to an infection complicated by an autoimmune disease. Both of these conditions are aggravated by stress, which has only increased as their daughter's financial troubles have worsened. Ms. Andrade must now prepare to care for her aging and infirm parents who are in these circumstances unable any longer to provide any financial support for her.

(xi) She is now facing the loss of the home due to foreclosure. Even if she is able to keep the home she has raised her child in since birth, she will need to spend substantial sums of money just to keep the home from falling in to complete disrepair. There are numerous problems with the home that prevent it from being up to code, including, for instance, one deck

5

that is so dilapidated it is a safety hazard and had to be blocked off.  The home needs a new HVAC system or mold will continue to grow throughout the home, a new hot water heater, and possibly a new septic system.  Ms. Andrade is unable to pay for these repairs as of now.

   (xii) the reasonably necessary, minimal living expenses for her and her two year-old child -- including childcare while she works, housing costs, utilities, food, clothing, and all other basic unavoidable expenses – will be difficult to meet and indeed there is no guarantee that she will be able to meet them given the sporadic nature of her income and her physical limitations, even before the educational indebtedness is included.

(10) Given all of the above, excepting said student loan indebtedness from discharge would prevent Ms. Andrade from maintaining a minimal standard of living, even with the discharge of her other pre-petition debts, resulting in a privation beyond reasonable limits.

WHEREFORE, the Plaintiff-Debtor, Nicole K. Andrade, requests this Honorable Court:

(i) to enter a finding that repayment of the student loans would work an undue hardship on her and her dependant child, and enter an order that said debts are dischargeable under 11 U.S.C. §523(a)(8) and that they be discharged in full, and

(ii) grant such other and further relief that the Court deems just and proper.

                                                Respectfully submitted.

                                                NICOLE K. ANDRADE

                                                By her attorney,

                                                /s/ John J.E. Markham, II
                                                John J. E. Markham, II, Esq.
                                                (BBO # 638579)
                                                MARKHAM & READ
                                                1 Commercial Wharf West

                Boston, MA 02110
                Tel. 617-523-6329
                Fax. 617-742-8604
                E-Mail: *jmarkham@markhamread.com*

7

## CERTIFICATE OF SERVICE

  I, Blakely Markham, certify that on December 5, 2012, a copy of the forgoing complaint was filed through the ECF system and was sent by mail to:

American Education Services
1200 North Seventh Street, Harrisburg
Pennsylvania 17012-1444

            /s/ Blakely E. Markham
            Blakely E. Markham